**No. 17-13139**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

MAURICE WALKER, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,
*Plaintiff-Appellee*,

v.

THE CITY OF CALHOUN, GEORGIA,
*Defendant-Appellant*.

_____

On Appeal from the United States District Court for the
Northern District of Georgia, Rome Division
No. 4:15-cv-00170-HLM

_____

## APPELLANT THE CITY OF CALHOUN, GEORGIA'S CORRECTED RESPONSE TO APPELLEE MAURICE WALKER'S MOTION TO DISMISS APPEAL IN PART

_____

J. ANDERSON DAVIS
A. FRANKLIN BEACHAM III
SAMUEL L. LUCAS
BRINSON, ASKEW, BERRY,
SEIGLER, RICHARDSON & DAVIS,
LLP
615 West 1st Street
Post Office Box 5007
Rome, Georgia 30162-5007
(706) 291-8853
(706) 234-3574 Facsimile

August 24, 2017

*Counsel for Appellant The City of Calhoun, Georgia*

200496.1

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

## 1.    CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT.

Appellant hereby certifies that, to the best of its knowledge, the following is a full and complete list of the trial judges, all attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this appeal, as required by Rule 26.1 of the Federal Rules of Appellate Procedure and 11th Cir. R. 26.1, 26.1-2, and 26.1-3.

1.    Beacham III, A. Franklin (Counsel for Appellant);

2.    Brinson, Askew, Berry, Seigler, Richardson & Davis, LLP (Counsel for Appellant);

3.    Carlock, Copeland & Stair LLP (Counsel for Appellant);

4.    City of Calhoun, Georgia (Appellant);

5.    Civil Rights Corps (Counsel for Appellee);

6.    Davis, J. Anderson (Counsel for Appellant);

7.    Equal Justice Under Law (Counsel for Appellee);

8.    Geraghty, Sarah (Counsel for Appellee);

9.    Govignon, George P. (Counsel for Appellant);

10.    Grozine, Abby C. (Counsel for Appellant);

11.    Karakatsanis, Alec (Counsel for Appellee);

12.    Lucas, Samuel L. (Counsel for Appellant);

C-1

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

13.    Murphy, Honorable Harold L. (United States District Judge);

14.    Primerano, Ryan (Counsel for Appellee);

15.    Root, David F. (Counsel for Appellant);

16.    Southern Center for Human Rights (Counsel for Appellee);

17.    Walker, Maurice (Appellee);

This 24th day of August, 2017.

/s/ J. Anderson Davis

C-2

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

**2.    TABLE OF CONTENTS.**

1.    Certificate of Interested Persons and Corporate Disclosure Statement.......C-1

2.    Table of Contents..............................................................................................i

3.    Table of Citations...........................................................................................iii

4.    Statement of Relevant Facts and Procedural Background.............................1

5.    Summary of Argument ...................................................................................4

6.    Argument and Citation of Authority..............................................................5

      A.    Applicable legal standard ....................................................................5

      B.    This Court may exercise pendent jurisdiction to review the District
      Court's Order Denying the City's Motion to Dismiss, or in the Alternative,
      Motion for More Definite Statement because it is inextricably intertwined
      with the directly-appealable order ................................................................8

      C.    This Court may exercise pendent jurisdiction to review the District
      Court's Order Granting Class Certification because it is inextricably
      intertwined with the directly-appealable order.............................................11

      D.    The law-of-the-case doctrine does not prevent this Court from
      exercising jurisdiction over the two orders ...................................................12

i

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

E.    Walker makes several unsupported or irrelevant assertions in his

Motion ................................................................................................ 13

7.    Conclusion ............................................................................................. 16

8.    Certificate of Compliance ..................................................................... 17

9.    Certificate of Service ............................................................................ 18

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

### 3.    TABLE OF CITATIONS.

*Altman v. City of High Point*, 330 F.3d 194 (4th Cir. 2003) ..................................6-7

*Berrey v. Asarco, Inc.*, 439 F.3d 636 (10th Cir. 2006) ...............................7

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) ......................5

*Georgine v. Amchem Prods., Inc.*, 83 F.3d 610 (3d Cir. 1996) ..........................11-12

*Fox v. Tyson Foods, Inc.*, 519 F.3d 1298 (11th Cir. 2008).........................5

*Hendricks v. Bank of Am.*, 408 F.3d 1127 (9th Cir. 2005) ........................7

*Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor v. INS*,

     306 F.3d 842 (9th Cir. 2002) .........................................11

*Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982) ........................12

*McQueen v. Johnson*, 506 Fed. App'x 909 (11th Cir. 2013) ................................5-6

*Melendres v. Arpaio*, 695 F.3d 990 (9th Cir. 2012) ................................11

*Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003)..................................11

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ..................................6

*Oliver v. Orange County, Fla.*, 456 Fed. App'x 815 (11th Cir. 2012)...................13

*Paige v. State of Cal.*, 102 F.3d 1035 (9th Cir. 1996) ............................11

*Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. Of N.Y. & N.J.*,

     698 F.2d 150 (2d Cir. 1983) .........................................11

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

*Rux v. Republic of Sudan*, 461 F.3d 567 (2d Cir. 2005) ............................................ 6

*S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292 (11th Cir. 2000)..5-6

*Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250 (11th Cir. 2005) ............... 6

*Swint v. Chambers County Comm'n*, 514 U.S. 35 (1995) .................................5-6, 7

*This That & The Other Gift & Tobacco, Inc. v. Cobb County, Ga.*,

  439 F.3d 1275 (11th Cir. 2006) ...............................................................12-13

*U.S. v. Lopez-Lukis*, 102 F.3d 1164 (11th Cir. 1997) ................................................ 5

*Walker v. City of Calhoun, Georgia*, 682 Fed. App'x 721 (11th Cir. 2017) ....... 2, 13

*Welchen, et al. v. Kamala Harris & County of Sacramento*,

  No. 2:16-cv-00185-TLN-KJN [Doc. 30] (E.D. Cal. Oct. 11, 2016) ........14-15

iv

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

**4.    STATEMENT OF RELEVANT FACTS AND PROCEDURAL BACKGROUND.**

Walker filed his Complaint on September 8, 2015, challenging the City of

Calhoun's use of a master bail schedule as provided for by O.C.G.A. § 17-6-1

(f)(1).[1]  The same day, Walker filed a Motion for Temporary Restraining Order, or,

in the Alternative, For Preliminary Injunction.[2]  The following day, Walker filed a

Motion to Certify Class.[3]  On November 11, 2015, the City filed a Motion to

Dismiss for failure to State a Claim, or in the alternative, Motion for More Definite

Statement.[4]

On December 2, 2015, the District Court denied the City's Motion to

Dismiss for failure to State a Claim, or in the Alternative, Motion for More Definite

Statement.[5]  On January 28, 2016, the District Court entered separate Orders

granting Plaintiff's Motion for Preliminary Injunction and Motion to Certify Class.[6]

The City filed a timely Notice of Appeal on February 5, 2016.[7]  In its Civil

Appeal Statement, the City identified three "issues proposed to be raised" on

appeal: (1) whether the District Court erred in granting a preliminary injunction; (2)

---

[1] [Doc. 1.]
[2] [Docs. 4, 7.]
[3] [Doc. 10.]
[4] [Doc. 22.]
[5] [Doc. 28.]
[6] [Docs. 40, 41.]
[7] [Doc. 42.]

1

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

whether the District Court erred in granting class certification; and (3) whether the District Court erred in denying Defendant's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement.[8]

   As he has done in the instant Motion, in the first appeal Walker moved to dismiss part of the first appeal.[9]  But instead of immediately ruling on that motion, this Court carried the Motion with the case.[10]  In this Court's prior opinion reversing the first grant of a preliminary injunction in this case, this Court did not address the merits of either the Order Denying the City's Motion to Dismiss, or in the alternative, Motion for More Definite Statement or the Order Granting Class Certification.[11]  Instead, this Court denied Walker's Motion to Dismiss because it found that the City "conceded in its response brief that it is not directly appealing these two orders."[12]  While the City disagrees that it abandoned the appeal of those two orders, this Court properly declined to resolve the Motion to Dismiss Appeal In Part prior to the filing of the Briefs on the merits.[13]  The City asks this Court to do

---

[8] (Civil Appeal Statement at 2.)

[9] *See Walker v. City of Calhoun, Georgia*, No. 16-10521-HH, Appellee's Motion to Dismiss Appeal In Part (March 7, 2016).

[10] *See Walker v. City of Calhoun, Georgia*, No. 16-10521-HH, Order Carrying Motion to Dismiss With The Case (May 16, 2016).

[11] *See Walker v. City of Calhoun, Georgia*, 682 Fed. App'x 721 (11th Cir. 2017).

[12] *See id.* at 723 n.2.

[13] *See Walker v. City of Calhoun, Georgia*, No. 16-10521-HH, Order Carrying Motion to Dismiss With The Case (May 16, 2016).

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

the same because this Court has jurisdiction to consider the orders regarding the

City's Motion to Dismiss, or in the Alternative, Motion for More Definite

Statement and Walker's Motion for Class Certification under its pendent

jurisdiction.  This Court has jurisdiction to directly hear this appeal under 28 U.S.C.

§ 1291, based upon the District Court's entry of a final Order granting Plaintiff's

Motion for a Preliminary Injunction.[14]

    Fundamentally, the City's current Notice of Appeal tracks the same

language contained in its prior Notice of Appeal.  Therefore, this Court should

either deny Walker's Motion to Dismiss Appeal In Part at this point or,

alternatively, this Court should carry the Motion with the case.

---

[14] [Doc. 68.]

3

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

5.    **SUMMARY OF ARGUMENT.**

This case is currently before the Court on direct appeal from the District

Court's second grant of a preliminary injunction in favor of Walker.  It is not

necessary or prudent, however, to confine this Court's review to solely the District

Court's Order granting the preliminary injunction.  Contrary to Walker's assertion,

this Court retains discretion to exercise pendent appellate jurisdiction over the

District Court's Orders denying the City's Motion to Dismiss and granting class

certification.[15]  Because many of the same legal questions—specifically, *inter alia*,

(1) whether a judicial order of the judge of the Municipal Court of the City of

Calhoun, Georgia can constitute a policy of the City for Section 1983 purposes;

and (2) what specific limitations does the Constitution place on non-federal

governments, courts, and judges regarding their flexibility and ability to

experiment with the appropriate bail process for their purposes—underlie the

directly-appealable Order granting the preliminary injunction and the non-directly

appealable Orders denying the Motion to Dismiss and granting class certification,

the exercise of pendent appellate jurisdiction is proper because they are

inextricably intertwined with the issues in the directly-appealable order before this

Court.

---

[15] [*See* Docs. 28, 41.]

4

6.    **ARGUMENT AND CITATION OF AUTHORITY.**

A.    **Applicable legal standard.**

This Court has jurisdiction over the direct appeal from the District Court's

grant of Walker's Motion for Preliminary Injunction pursuant to 28 U.S.C. §

1292(a)(1).  This Court may exercise pendent appellate jurisdiction over otherwise

non-appealable orders if those orders meet either of two criteria.[16]  Utilizing

pendent appellate jurisdiction, this Court "may address otherwise non-appealable

orders if they are 'inextricably intertwined' with an appealable decision or if

'review of the former decision is necessary to ensure meaningful review of the

---

[16] *See S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1297 (11th Cir. 2000); *Fox v. Tyson Foods, Inc.*, 519 F.3d 1298, 1302 (11th Cir. 2008) (finding pendent jurisdiction to review those portions of an otherwise non-appealable collective action order, which the district court relied on when denying motion to intervene that was appealed); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1365 (11th Cir. 1997) (exercising pendent jurisdiction to review an otherwise non-appealable compel order because the appealed sanctions order was issued in part for the defendant's purported violation of the compel order); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1167 n.10 (11th Cir. 1997) (exercising pendent appellate jurisdiction over an otherwise non-appealable order striking a paragraph of the indictment because the strike was closely related to the district court's exclusion of the government's evidence).

latter.'"[17]  Even if the collateral-order doctrine does not apply, this Court may still

exercise pendent appellate jurisdiction.[18]

This Court has found that when a case is properly before the court as an

appeal from the denial of an injunction under 28 U.S.C. § 1292(a)(1), its

permissible scope of review extends to other pendent orders as well.[19]  "'Once a

case is lawfully before a court of appeals, it does not lack power to do what plainly

ought to be done.'"[20]

"[F]or two issues in two separate rulings to be inextricably intertwined, "the

'same specific question' will 'underl[ie] both the appealable order and the non-

appealable order,' such that . . . resolution of the question will necessarily resolve

the appeals from both orders at once."[21]  Likewise, courts "may thus grasp

jurisdiction over the pendent issue, when resolution of the appealable issue

'necessarily decides' the pendent issue."[22]  For example, in *Altman v. City of High*

---

[17] *McQueen v. Johnson*, 506 Fed. App'x 909, 913-14 (11th Cir. 2013) (citing *Hudson v. Hall*, 231 F.3d 1289, 1294 (11th Cir. 2000)); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995).

[18] *S & Davis Int'l, Inc.*, 218 F.3d at 1297.

[19] *Solantic, LLC v. City of Neptune Beach*, 410 F.3d 1250, 1273 (11th Cir. 2005) (citing *Mercury Motor Express, Inc. v. Brinke*, 475 F.2d 1086 F.2d 1086, 1091 (5th Cir. 1973)).

[20] *Id.* (quoting 9 Moore's Federal Practice ¶ 110.25[1] (2d ed. 1972)).

[21] *Myers v. Hertz Corp.*, 624 F.3d 537, 553 (2d Cir. 2010) (quoting *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 576 (2d Cir. 2005)).

[22] *Rux v. Republic of Sudan*, 461 F.3d 461, 476 (4th Cir. 2006).

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

*Point*, the Fourth Circuit found that resolution of an interlocutory issue (whether officers were entitled to qualified immunity in a § 1983 action) fully resolved the pendent issue (whether the municipality could be held liable) because the qualified immunity inquiry revealed the officers committed no federal constitutional violation, which would have been required to hold the municipality liable.[23]

Under the second pendent jurisdiction scenario, review of a pendent issue will be "necessary to ensure meaningful review" of an immediately appealable issue if resolution of the pendent issue is necessary, or essential, in resolving the immediately appealable issue.[24]  Courts have explained that an issue "is necessary to ensure meaningful review" where the issue "calls into question the district court's '*authority to rule* on a party's motion for a preliminary injunction.'"[25]

In other words, under *Swint*, "[i]t is appropriate to exercise pendent appellate jurisdiction only where [1] resolution of the appealable issue necessarily resolves the nonappealable issue, or [2] where review of the nonappealable issue is necessary to ensure meaningful review of the appealable one."[26]

---

[23] *Altman v. City of High Point,* 330 F.3d 194, 207 n.10 (4th Cir. 2003).

[24] *Swint*, 514 U.S. at 51.

[25] *Hendricks v. Bank of Am.*, 408 F.3d 1127, 1134 (9th Cir. 2005) (emphasis in original) (citing *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003)).

[26] *Berrey v. Asarco, Inc.*, 439 F.3d 636, 647 (10th Cir. 2006) (citing *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995)).

7

**B.    This Court may exercise pendent jurisdiction to review the District Court's Order Denying the City's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement because it is inextricably intertwined with the directly-appealable order.**

The District Court's Order denying the City's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement ("Motion to Dismiss"), is inextricable intertwined with the District's Court's second Order granting Plaintiff's Motion for Preliminary Injunction, specifically, the District Court's finding that Plaintiff is likely to succeed on the merits of his claims.[27]

In the City's Motion to Dismiss, it argued that because the words "Due Process" and "Equal Protection" only appeared in two paragraphs of the Complaint, it was therefore unknown what type of Due Process or Equal Protection claim Walker was actually alleging.[28]  Walker's subsequent pleadings have done nothing to clarify what Fourteenth Amendment claims are actually being asserted, nor has the District Court ordered Walker to clarify.

Pendent jurisdiction is appropriate to review the very legal issue underlying each of the District Court's Orders, specifically, *inter alia*:  (1) whether a judicial order of the judge of the Municipal Court of the City of Calhoun, Georgia can constitute a policy of the City for Section 1983 purposes; and (2) what specific

---

[27] [Docs. 28; 40 at 67.]
[28] [Doc. 22-1 at 8.]

limitations does the Constitution place on non-federal governments, courts, and

judges regarding their experimentation with the appropriate bail process for their

purposes.  The issue of whether Walker failed to state a claim upon which relief

may be granted, thereby warranting dismissal, or, whether Walker should be

required to more definitively state under what legal theory his claims are asserted

is not only inextricably intertwined, but essential, to the District Court's granting

of a preliminary injunction.

This is so because the majority of the District Court's Order granting the

preliminary injunction discussed Plaintiff's likelihood of success on the merits.[29]

Because Walker has not articulated a legally-cognizable claim, failing to state with

sufficient clarity the legal basis for his claim, the relief sought against the City, the

authority on which the Court may order such relief, and the authority on which the

City may afford the relief, the District Court could not properly find that Walker

was likely to succeed on the merits of his claim.

In other words, if the District Court improperly denied the City's Motion to

Dismiss, it could not properly grant Walker's Motion for Preliminary Injunction.

Accordingly, the District Court's denial of the City's Motion to Dismiss and its

grant of the preliminary injunction are so inextricably intertwined that resolution of

---

[29] [*See* Doc. 68 at 11 (incorporating portions of prior Order Granting Preliminary
Injunction [Doc. 40 at 48-67].]

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

the appealable issue, particularly whether Plaintiff can succeed on the merits of his claim, will necessarily resolve whether the District Court erred in denying the City's Motion to Dismiss as it will determine whether a legally cognizable claim even exists.

Review of the pendent issue is also necessary to ensure meaningful review of the grant of the preliminary injunction. If the District Court's finding that Plaintiff stated a claim is incorrect, then the current appeal could not be before this Court because the District Court lacked authority to rule on Plaintiff's Motions for Preliminary Injunction and to Certify Class. Without first determining whether Plaintiff in fact stated a legally-cognizable claim, no meaningful review of the District Court's Order granting the preliminary injunction may occur.

Because exercise of pendent appellate jurisdiction may resolve the underlying legal question of both the Order denying the City's Motion to Dismiss and the Order granting the preliminary injunction, as well as ensure meaningful review of the directly-appealable Order, this Court can exercise pendent appellate jurisdiction over the District Court's denial of the City's Motion to Dismiss.

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

**C.    This Court may exercise pendent jurisdiction to review the District Court's Order Granting Class Certification because it is inextricably intertwined with the directly-appealable order.**

Similarly, it is appropriate to exercise pendent appellate jurisdiction over the District Court's Order granting class certification.[30]  Circuit courts routinely exercise pendent appellate jurisdiction in reviewing whether a district court erroneously certified a class.[31]

The class certification Order is inextricably intertwined with the grant of the preliminary injunction.  Because the preliminary injunction provides class-wide relief, it cannot be upheld without also upholding certification of the class.[32]  The Third Circuit has held that class certification is reviewable on appeal from issuance of a preliminary injunction if "the preliminary injunction cannot properly be

---

[30] [*See* Doc. 41.]

[31] *See, e.g., Melendres v. Arpaio*, 695 F.3d 990, 996-97 (9th Cir. 2012); *see Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 698 F.2d 150 (2d Cir. 1983).

[32] *Paige v. State of Cal.*, 102 F.3d 1035, 1039 (9th Cir. 1996) (an injunction granting class-wide relief cannot be affirmed without also upholding the class certification order); *see Immigrant Assistance Project of the Los Angeles Cnty. Fed'n of Labor v. INS*, 306 F.3d 842, 869 (9th Cir. 2002) (holding that where an injunction provided relief to certain class members, the court had pendent jurisdiction to review the certification of the class as to those members because the district court had to certify the class before granting the class members injunctive relief); *Meredith v. Oregon*, 321 F.3d 807 (9th Cir. 2003).

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

decided without reference to the class certification question."[33]  The Third Circuit

reasoned that if the propriety of class certification "directly controls disposition of

the injunction, or if the issues are, in some way, inextricably bound, then both

issues *must* be addressed in order to resolve properly the section 1292(a)(1)

preliminary injunction."[34]  To do otherwise would impinge on the right to a Section

1292(a)(1) appeal.  Further, the class as currently defined by the District Court is

based upon Walker's claims as currently defined, which as discussed previously is

legally insufficient.

Because the Order granting the preliminary injunction provides class-wide

relief, it necessitates the review of the District Court's Order granting class

certification.  These two Orders are inextricably bound, and therefore, should this

Court find that the District Court erred in granting the preliminary injunction, the

Order granting class certification cannot stand.

> **D.    The law-of-the-case doctrine does not prevent this Court from exercising jurisdiction over the two orders.**

"Under the 'law of the case' doctrine, the findings of fact and conclusions of

law by an appellate court are generally binding in all subsequent proceedings in the

---

[33] *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 624 (3d Cir. 1996) (citing *Kershner v. Mazurkiewicz*, 670 F.2d 440 (3d Cir. 1982)).
[34] *Kershner v. Mazurkiewicz*, 670 F.2d at 449 (emphasis in original) (internal quotations omitted).

same case in the trial court or on a later appeal."[35]  But, in the prior appearance of

this case, this Court did not make any findings of fact or conclusions of law

regarding either the Order denying the City's  Motion to Dismiss, or in the

Alternative, Motion for More Definite Statement, or the Order granting Walker's

Motion for Class Certification.[36]  Therefore, the law-of-the-case doctrine does not

apply to prevent this Court from exercising jurisdiction of either of those two

orders.[37]

### E.    Walker makes several unsupported or irrelevant assertions in his Motion.

In his Motion, Walker makes several puzzling, unsupported, and irrelevant

assertions.  First, Walker asserts that the Standing Bail Order was "presented to the

district court in an effort to moot the case,"[38] was "prepared in secrecy,"[39] and is a

"policy" of the City.[40]  But none of these assertions is true and none is relevant to

---

[35] *This That & The Other Gift & Tobacco, Inc. v. Cobb County, Georgia*, 439 F.3d 1275, 1283 (11th Cir. 2006) (internal quotation omitted).

[36] *See Walker v. City of Calhoun, Georgia*, 682 Fed. App'x 721 (11th Cir. 2017).

[37] *See Oliver v. Orange County, Florida*, 456 Fed. App'x 815, 818-819 (11th Cir. 2012) ("the law of the case doctrine does not apply here because the first appeal in this case did not address the district court's original Daubert ruling. …  Therefore, because no Daubert issues were actually, or by necessary implication, decided in the first appeal, the law of the case doctrine did not apply.").

[38] (Walker's Mot. to Dismiss at 1-2.)

[39] (*Id.* at 2 n.2.)

[40] (*See id.*)

this Motion.[41]  Second, Walker asserts that "[t]he City's appeal also is untimely."[42]

But this Court is not limited to exercise pendent jurisdiction based on a 30-day

deadline.  Instead, this Court can exercise pendent jurisdiction over orders that

were decided at any time—that is the point of exercising pendent jurisdiction in the

interest of judicial economy.[43]

Third, Walker asserts that "[t]here is no serious question about the

correctness of [the District Court's denial of the City's Motion to Dismiss, or in the

Alternative, Motion for More Definite Statement] …."[44]  But the District Court for

the Eastern District of California reached the exact opposite conclusion regarding

an almost-identical complaint, which shows that there is indeed a very serious

question about the correctness of the District Court's Order here.[45]  Specifically,

---

[41] Also irrelevant are Walker's misleading assertions regarding discovery.  (*Id.* at 2 n.2, 5 n.6.)  The City declines to enter the fray of these disputes in this Court because, *inter alia*, the District Court has now stayed the proceedings in the District Court pending the outcome of this appeal.  (*See* Order Staying Proceedings [Doc. 83].)

[42] (Walker's Mot. to Dismiss at 4 n.5.)

[43] Similarly, Walker asserts that the "[t]he City would not meet the standard for an interlocutory appeal."  (Walker's Mot. to Dismiss at 6 n.7.)  The City has not sought to appeal the orders through this procedure.  Therefore, this assertion is irrelevant.

[44] (Walker's Mot. to Dismiss at 7.)

[45] *Welchen, et al. v. Kamala Harris & County of Sacramento*, No. 2:16-cv-00185-TLN-KJN, Doc. Entry 30 (E.D. Cal. October 11, 2016).

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

that court ordered the plaintiff to file a more definite statement regarding the due

process claim and dismissed the plaintiff's equal protection claim.[46]

---

[46] (*Id.* at 18 (due process claim), 18-19 (equal protection claim).)

7.   CONCLUSION.

Because the District Court's Orders denying the City's Motion to Dismiss,
or in the Alternative, for More Definite Statement, granting class certification, and
granting a preliminary injunction are inextricably intertwined, this Court should
deny Walker's Motion to Dismiss Appeal In Part and exercise its pendent appellate
jurisdiction.  Alternatively, this Court should carry Walker's Motion with the
case—as this Court did regarding Walker's prior Motion.

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

**8.    CERTIFICATE OF COMPLIANCE.**

The foregoing Appellant The City of Calhoun, Georgia's Response to

Appellee Walker's Motion to Dismiss Appeal In Part complies with Rule 27(d)(2)

of the Federal Rules of Appellate Procedure because it contains 3,233 words.

*Walker v. The City of Calhoun, Georgia*
No. 17-13139

**9.    CERTIFICATE OF SERVICE.**

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the CM/ECF system, which will provide service to all counsel of record.

This 24th day of August, 2017.

/s/ J. Anderson Davis
Georgia Bar No. 211077
BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP
615 West 1st Street
Post Office Box 5007
Rome, Georgia 30162-5007
(706) 291-8853
(706) 234-3574 Facsimile
*Counsel for Appellant The City of Calhoun, Georgia*